IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On Brief September 20, 2005

## STATE OF TENNESSEE ex rel., SHANNON NICOLE FARMER v. RODERICK LAMONT PARSON

**A Direct Appeal from the Juvenile Court for Shelby County**
**No. N9456      The Honorable Herbert L. Lane, Special Judge**

**No. W2004-02588-COA-R3-JV - Filed November 30, 2005**

This is a Title IV child support case. The State appeals from the trial court's Order forgiving Father/Appellee's child support arrears because Father/Appellee allegedly made support payments directly to the mother. The trial court made no findings to support a deviation from the child support guidelines as required by T.C.A. §36-2-311 (Supp. 2004). Consequently, we reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court is Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Paul G. Summers, Attorney General and Reporter; Warren Jasper, Assistant Attorney General, For Appellant, State of Tennessee ex rel., Shannon Nicole Farmer

No appearance by Appellee.

### OPINION

Shannon Nicole Farmer is the mother of Jeremy Ryan Farmer (d.o.b. 9/29/99) and Roderick Lamont Farmer (d.o.b. 01/30/01). On December 4, 2002, Ms. Farmer petitioned the Juvenile Court of Shelby County to establish Roderick Lamont Parson ("Appellee") as the natural father of the two children. Paternity tests revealed that Mr. Parson was the biological father of Roderick Lamont Farmer but excluded him as the father of Jeremy Ryan Farmer. The Referee of the Juvenile Court ("Referee") entered his Findings and Recommendations on May 6, 2003. The Findings and Recommendations read, in relevant part, as follows:

> The defendant, Roderick Lamont Parson, having failed to appear in
> Court after having been properly summoned, and upon motion of the
> petitioner for judgment by default, and upon proof introduced

including a positive DNA test and the entire record, the Referee finds that the defendant is the natural father of said child(ren).

IT IS THEREFORE RECOMMENDED

1. That the petition be dismissed with prejudice as [to] Jeremy Ryan Farmer, born September 29, 1999 due to the defendant having been excluded by DNA tests.

2. That Roderick Lamont Farmer shall be a legitimate child(ren) of the defendant for purpose of inheritance, support, and all other lawful purposes and that custody of Ro[derick] Lamont [Farmer] be awarded to mother.

3. That the defendant pay all medical expenses incident to the birth of Ro[derick] Lamont Farmer and that he pay $348.00 monthly, to the Central Child Support Receipting Unit...toward the support of said child(ren) beginning on [] June 1, 2003, and that future payments be made by income assignment. Unless specifically ordered by the Court, such support shall not be reduced or prorated.

\*                                             \*                                              \*

6. That the retroactive child support be established at $9,326.00 to be repaid at the rate of $50.00 monthly.

These Findings and Recommendations were confirmed as the decree of the Juvenile Court. On May 12, 2003, Mr. Parson requested a hearing before the trial court. A hearing was held on November 6, 2003. At that hearing, the following, relevant testimony, was adduced:

THE COURT: Were you [Ms. Farmer] receiving benefits for all the children during–during this period of time?

MS. FARMER: Yes.

THE COURT: Were you receiving any assistance from the fathers of those children?

MS. FARMER: Well, he's [Mr. Parson] been taking care of both of them...from the other father.

THE COURT: He was taking care of both of the children?

MS. FARMER: Yes, sir.

\*          \*          \*

THE COURT: All right. Sir, the support that was set in this case, $348 a month, seems to be an appropriate amount of support. However, based upon her testimony today that you have provided her with support during the period of time for the–the date of the birth of the child until entry of this order, I will show that it's retroactive support which was established at $9,326. You will receive credit for the same amount, leaving an arrearage at zero.

However, you are still receiving benefits from the State, which means that the State is entitled to some reimbursement for those benefits. So you will have to continue to pay this $348 per month until such time as you resolve all those issues with the State.

\*          \*          \*

MR. MURRELL: Your Honor, on behalf of the State, I would assert that the Court's ruling inhibits the ability of the State to recover monies that are owed to it by giving a credit that--

THE COURT: I understood that, Mr. Murrell. But for two years, this man has been supporting not only this woman's child, but another child that she had by another man. So in fairness to him, it would seem to me that he should be given some credit for the amount of money that he has paid directly to her.

On November 6, 2003, the trial court entered an Order, which reads, in pertinent part, as follows:

IT IS THEREFORE ORDERED

1. That the Referee's ruling of May 6, 2003, be and is hereby reconfirmed as the decree of this Court with the exception of the amount of retroactive child support.

2. That the retroactive child support be established at $0.00.

On November 26, 2003, the State of Tennessee ("State," or "Appellant") filed a "Motion to Alter or Amend," which was heard by the trial court on September 7, 2004. On September 7, 2004, the trial court entered its Order dismissing the State's Motion. The State appeals and raises one issue

for review as stated in its brief: Whether retroactive child support was unlawfully established at $0.00 by the Juvenile Court?[1]

From our review of the record, it appears that the trial court "forgave" Mr. Parson's child support arrears because Mr. Parson allegedly supported both of Ms. Farmer's children by paying monies directly to her. In so doing, the trial court effectively condoned an agreement between the parents of this minor child whereby the father was allowed to circumvent his obligation to pay retroactive child support. The record, however, is devoid of any evidence to support the trial court's decision. In the first instance, it is not clear from the record that Mr. Parson paid any amount of support to Ms. Farmer. And, even if we assume, *arguendo*, that he did make such payments, there is no indication as to the amount(s) of same. Nonetheless, T.C.A. § 36-5-101(a)(4)(E) (Supp. 2004)[2] states, in relevant part, that:

> In all Title IV-D child support cases, child support payments shall be made by the obligor to the clerk of court, or the department.... In Title IV-D child support cases...no credit shall be given to an obligor for any payments made by the obligor or by another person on behalf of the obligor, directly to an obligee or the obligor's child or children unless the obligee remits the payment to the department or the participating clerk....

Regardless of whether there was any agreement between Mr. Parson and Ms. Farmer concerning support for this child, T.C.A. §36-2-311(Supp. 2004) requires the trial court to determine any retroactive child support according to the guidelines or, if the court deviates from same, to make written findings to support the deviation, to wit:

> **36-2-311. Order of parentage.–** (a) Upon establishing parentage, the court shall make an order declaring the father of the child. This order *shall* include the following:
>
> &ast; &ast; &ast;
>
> 11(A) Determination of child support pursuant to chapter 5 of this title. When making retroactive support awards pursuant to the child support guidelines established pursuant to subsection (a), the court *shall* consider the following factors as a basis for deviation from the presumption in the child support guidelines that child and medical

---

[1] Mr. Parson filed no brief in this appeal.

[2] We note that this statute has been modified at T.C.A. §36-5-101(d)(7) (2005). However, the relevant requirements of the statute are the same since T.C.A. §36-5-101(d)(7), like its 2004 counterpart, states that "[n]o credit shall be given to an obligor for any payments made by the obligor or by another person on behalf of the obligor, directly to an obligee or the obligor's child or children...."

-4-

support for the benefit of the child shall be awarded retroactively to the date of the child's birth:

\*                                    \*                                    \*

(B) In cases in which the presumption of the application of the guidelines is rebutted by clear and convincing evidence, the court shall deviate from the child support guidelines to reduce, in whole or in part, any retroactive support. ***The court must make a written finding that application of the guidelines would be unjust or inappropriate*** in order to provide for the best interests of the child or the equity between the parties.

(Emphasis added).

Here, the trial court deviated from the child support guidelines in setting retroactive child support at $0.00. However, in so doing, the court made no written findings as to why such deviation was necessary. Consequently, we reverse the trial court's order and remand for either a determination of retroactive child support according to the guidelines or an entry of written findings to justify a deviation from those guidelines pursuant to the criteria outlined in T.C.A. §36-2-311.

Accordingly, we reverse the Order of the trial court and remand for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed against the Appellee, Roderick Lamont Parson.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.